UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALEX AZAR, et al., <br><br> Defendants. | Case No. 20-cv-03703-RS <br><br> **ORDER DENYING DEFENDANTS' MOTION TO CHANGE TIME** |

This is a challenge under the Administrative Procedures Act (APA) to the Food and Drug Administration's approval of the animal drug Experior for use in cattle feedlots. In APA actions, review is generally limited to the administrative record. To support their motion for summary judgment, however, plaintiffs have offered a 43-page declaration of a putative expert witness. Plaintiffs contend the declaration will (1) serve to assist the court in determining "whether the agency has considered all relevant factors and has explained its decision," and/or, (2) help "explain technical terms or complex subject matter." *See*, *Southwest Center. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996) (listing those as among the limited permissible reasons for a court to consider material beyond the administrative record).

Plaintiffs likely could have simply filed the declaration with their motion, leaving it to defendants to argue in their opposition that it should not be considered, in whole or in part. Perhaps in anticipation of a motion to strike, however, plaintiff filed a prophylactic "motion to consider materials outside the administrative record," and noticed it to be heard concurrently with

the cross-motions for summary judgment.

Defendants are of the view that the issue of whether the declaration will be considered should be decided before their summary judgment briefing is due. Because the parties were unable to reach agreement on that point, defendants seek an order advancing the hearing on plaintiffs' motion regarding the declaration, and adjusting the briefing schedule on the summary judgment motions.[1]

Issues regarding whether an agency has produced the complete administrative record virtually always should be decided in advance of, and separately from, summary judgment proceedings. Where a party seeks to present material outside the administrative record itself, under one of the limited allowable categories listed in *Southwest Center* and other cases, however, there is no bright line rule as to what point in time the issue should be decided.

In the present case, it tentatively appears that the declaration at issue will largely serve to explain technical issues—to the extent it is proffered to for that purpose, it is not all that different from explanations and argument counsel would be permitted (and even expected) to provide in briefing in any event. Defendants will, of course, be able to argue why the declarant's explanations are wrong or misleading, if they believe that to be the case, and may submit their own declarations for that purpose, if necessary. To the extent plaintiffs' expert is offered to show that the agency failed to consider all relevant factors, any legal conclusions he draws will not be considered evidence, and defendants will be able to challenge the factual basis and the reasoning underlying his assertions.

In any event, the court is not prepared to evaluate the extent to which the declaration, or any part of it, may or may not be properly considered prior to review of the summary judgment briefing. Among other things, expert declarations of this sort not uncommonly prove largely immaterial to the analysis, though that certainly is not always the case. Accordingly, defendants'

---

[1] The parties' cooperative efforts in stipulating to various procedural matters for the purpose of presenting the issues efficiently and with consideration for court and party resources and timing needs has been noted and is appreciated.

request to advance the hearing on plaintiffs' motion regarding the declaration is denied. The parties may stipulate to any further adjustments of the briefing schedules that may now be appropriate.

**IT IS SO ORDERED**.

Dated: July 14, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 20-cv-03703-RS

3