# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANIMAL LEGAL DEFENSE FUND, *et al.*,

     *Plaintiffs*,

         v.

XAVIER BECERRA, *et al.*,

     *Defendants*,

and

ELANCO ANIMAL HEALTH,

     *Intervenor-Defendant.*

Civil Case No. 3:20-cv-03703-RS

**DECLARATION OF NATHAN LANGE IN SUPPORT OF ELANCO ANIMAL HEALTH'S THIRD LOCAL RULE 79-5(c) STATEMENT**

I, Nathan Lange, declare as follows:

1.     I am an attorney at Covington & Burling LLP ("Covington"), counsel for Intervenor-Defendant Elanco Animal Health ("Elanco") in this action. I have personal knowledge of the facts set forth herein and, if called upon to testify, could and would testify competently about them.

2.     I am over the age of 18 and of sound mind, and am a member in good standing of the bar of this Court.

3.     I submit this declaration in support of Elanco's Third Local Rule 79-5(c) Statement.

4.     Along with other Covington attorneys, I was personally involved in the iterative process between Elanco, Plaintiffs, and Federal Defendants by which the joint appendix (filed under seal as various attachments to ECF Nos. 127 and 128) relating to the briefing on pending summary judgment and related motions (collectively, the "Briefing") was developed.

5.     The joint appendix consisted of portions of the Administrative Record ("AR") in this case—specifically, a mix of some full record documents and excerpts from some other record documents.

6.    The parties generally agreed that AR material cited in the Briefing was presumptively appropriate to include in the joint appendix.  However, I stated by e-mail (in response to Plaintiffs' designations of thousands of  pages of material for inclusion in the joint appendix) Elanco's concern that "various citations" in Plaintiffs' briefs "to the entire page range of" certain large AR documents warranted a departure from the default presumption.  These citations, I explained, resulted in joint appendix inclusions that were "overbroad as they were generally offered in support of propositions of two types: (1) high-level statements about a document that could be supported by references to summary text or even a title page alone; and (2) specific factual statements . . . for which support is presumably found in specific places within the cited document but for which most of the document is not relevant." A true and correct copy of this e-mail correspondence is attached as Exhibit A.

7.    The parties iterated extensively over the ensuing days regarding the specific contours of the joint appendix contents.

8.    By the early morning of the day the joint appendix was to be filed, February 10, 2023, Plaintiffs—to their credit—had reduced their proposed joint appendix inclusions considerably but still sought to include significant amounts (hundreds of pages) of material Elanco viewed as extraneous and not substantively cited in the Briefing.

9.    I informed the parties by email that "notwithstanding Elanco's previously articulated concerns, in the interest of compromise and facilitating a successful filing on Friday, Elanco will not stand in the way of proceeding with the joint appendix contents as denoted in the latest round of spreadsheets, subject to the one [minor] exception noted above."  A true and correct copy of this e-mail correspondence is attached as Exhibit B.  I further stated that "Elanco maintains its position, however, that certain inclusions in the joint appendix are significantly overbroad (as a downstream result of citing page ranges in the briefing substantially than required or useful to support the accompanying propositions)." *Id.*

10.     In sum, while Elanco ultimately acquiesced to the filing of the joint appendix in its final form, Elanco did not and does not "agree" that all of the joint appendix inclusions were appropriate.  In Elanco's view, Plaintiffs' excessive inclusions have caused substantial added legal expense and complexity in the downstream effort to determine which parts of the joint appendix should be maintained under seal.

11.     Throughout this process, Elanco made an effort not to seek redactions on any publicly available material, except in cases where the appearance of such material in a particular context or location *itself* has the effect of revealing nonpublic confidential information.  As an abstract example, a description of a known biological phenomenon may be public information.  But that same description, if included in a section of a document discussing possible future indications for a proposed drug, could in context have the effect of revealing future, confidential business and development plans with respect to that drug.

12.     Other than the context-sensitive situations just described, to the extent any of Elanco's proposed redactions implicate only publicly available information, that result is inadvertent and a function of the volume of the material requiring review (inflated by Plaintiffs' overbroad joint appendix designations).

13.     Elanco provided the other parties with its initial designations of confidential material in 2021.  As far as I am aware, Plaintiffs did not raise a single objection to Elanco concerning those designations before filing their opening summary judgment brief in June 2022.  After the summary judgment briefing was complete, Elanco provided Plaintiffs with detailed lists of the proposed Briefing redactions and a full set of joint appendix documents with proposed redactions highlighted.

14.     For a number of redactions Elanco proposed with respect to the Briefing, Plaintiffs did respond with specific citations to public information.  Where that occurred, Elanco carefully reviewed the suggested overlap and, where appropriate, reduced the scope of its proposed redactions.

15.     In other instances, Plaintiffs provided documents such as patents without identifying the specific material within those documents that potentially created a conflict with Elanco's redactions.  Given the size of the litigation record (comprised of hundreds of pages of briefing and a Joint Appendix spanning more than 5,300 pages) and the size of the documents forwarded by Plaintiffs, these

generalized references to public documents provided little or no guidance with respect to identifying any necessary changes to Elanco's proposed redactions.

16.   In many instances, Plaintiffs' first articulation of an objection appears in the Proposed Order, ECF No. 143-1.  For example, following an exchange of spreadsheets leading up to Elanco's Local Rule 79-5 filing regarding the Briefing, Plaintiffs communicated some objections in only a perfunctory fashion: "Plaintiffs believe other redactions are inappropriate under Civ. L.R. 79-5. Particularly relevant here is whether the information is truly a trade secret, whether the information is crucial to understanding a party's claims, especially in a dispositive motion, and the public interest in having the information unsealed.  Specifically, Plaintiffs do not see cause for the redactions in Rows 5, 6, 20, 23, 26, 29, 36, 38, 57, 58, 59, 60, & 62—in addition to the rows that contain publicly available information."  A true and correct copy of this e-mail correspondence is attached as Exhibit C.  While Plaintiffs stated various factors to consider and identified rows (areas of redaction) to which they objected, they did not connect those elements (e.g., by explaining that a particular factor applies to a particular redaction) or articulate why their concerns made the material ineligible for sealing.

17.   Elanco provided Plaintiffs with advance notice of Elanco's proposed redactions for the joint appendix.  Although Plaintiffs met and conferred with Elanco regarding those redactions, Plaintiffs did not object in writing to any one of the redactions on any grounds (including that the material sought to be redacted exists in a publicly available source).

18.   I reviewed my records from the meet-and-confer process and have determined that Plaintiffs described generally the contents of the patent identified on page 10, lines 18 to 20, of their Partial Opposition in a spreadsheet emailed to Elanco.  However, Plaintiffs did not identify the specific language quoted in the Partial Opposition, when asserting an objection to Elanco's redaction of the material quoted on page 11, lines 1 to 4, of the Partial Opposition.  Had Plaintiffs done so, Elanco would have promptly withdrawn its request to redact that material, and on further review Elanco agrees that this specific material should not be redacted.

19.     In that same spreadsheet, Plaintiffs did not include a response stating an objection to Elanco's proposed redaction of the material identified on page 12, line 7 of their Partial Opposition, nor was that redaction (row 67) among the rows noted in Plaintiffs' objection quoted in paragraph 16 above. On further review based on the explanation in the Partial Opposition, Elanco agrees that this specific material should not be redacted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed at Arlington, Virginia, on May 4, 2023.

_/s/ Nathan Lange_
Nathan Lange

# **<u>EXHIBIT A</u>**

| | |
|---|---|
| **From:** | Lange, Nathan |
| **Sent:** | Tuesday, February 7, 2023 23:56 |
| **To:** | 'Larissa Liebmann'; Amgott, Jonathan E.; Paige M. Tomaselli; King, Kevin; Henn, Emily; Ervin, Bradley; McDonald, Oliver J.; Crane-Hirsch, Daniel |
| **Cc:** | Cristina Kladis |
| **Subject:** | RE: ALDF v. Becerra, No. 3:20-cv-3703-RS: Appendix |
| **Attachments:** | Plaintiffs' Citations to Selected Documents - ALDF v. Becerra.docx |

Larissa,

Thanks for your email yesterday evening circulating plaintiffs' proposed inclusions for the joint appendix.  We have reviewed plaintiffs' proposals and are generally comfortable with the large majority of the lines on the spreadsheet, but would like to open a discussion about 6 items that, collectively, account for nearly 3,000 pages of additions where we believe there is substantial opportunity to cut back without compromising the court's ability readily to access everything it needs from the record.

*First*, there are four **documents**, with Bates numbers ending in **9638** (321 pages), **10693** (1,139 pages), **11832** (856 pages), and **25714** (166 pages), where the entire large document is proposed to be included, presumably based on the presence in the briefing of various citations to the entire page range of the document.  While ordinarily our agreed approach to the joint appendix would cause these documents to be included in their entirety, we believe that these full-range citations are overbroad as they were generally offered in support of propositions of two types: (1) high-level statements about a document that could be supported by references to summary text or even a title page alone; and (2) specific factual statements, usually in the Tegzes declaration, for which support is presumably found in specific places within the cited document but for which most of the document is not relevant.  For reference, we have attached a Word document listing what we believe to be (though let us know if we have missed some) all the propositions accompanying citations to these documents, illustrating this phenomenon.

Elanco respectfully requests that plaintiffs narrow the page inclusions so as to only include the materials necessary to support the propositions for which the citations are offered.  We note that plaintiffs did an excerpting exercise of this kind with respect to document 110136, where plaintiffs cited the entire 1,293-page document but yesterday proposed a set of excerpts totaling 379 pages.  We appreciate this effort to keep the page count under control, and suggest that a similar approach would be appropriate for the 4 documents listed above.

*Second*, Elanco makes essentially the same observation for **document 40183**, though notes that plaintiffs already narrowed the page range here somewhat, from 260 pages to 201, by dropping Appendix 12 ("References").  That said, Elanco believes that the inclusion of all but Appendix 12 is still overbroad for the same reasons as noted for the earlier documents.  We also include the known citations for this document in the attached Word file.

*Third*, plaintiffs have suggested excerpts from **document 43583** totaling about half (181 of 386) of that document's pages.  We appreciate that effort, but would go a step further and suggest removing pages 43663-690, 43787-830, and 43882-907.  Those ranges consist of almost 100 pages of detailed tables to which Elanco cannot locate citations (though, again, we may have missed something) and which go beyond what would seem necessary to provide "context" for other materials.

**Would plaintiffs be amenable to these reductions?**  If all of the content covered by Plaintiffs' current designations remains in the joint appendix, our shared task of working through the Rule 79-5 process would become dramatically more difficult, as a complete review of redactions would be necessary on hundreds or thousands of pages of material not cited in or necessarily relevant to the briefing.  That burden would further extend to Chief Judge Seeborg, who

would be forced (as part of the Rule 79-5 process) to wade through many more redactions (and explanations and analysis concerning the same), again without an offsetting benefit from gaining access to useful information.

We would be glad to meet and confer if useful.  As noted earlier, we can be available tomorrow (Wednesday) from 9:30-10 AM or after 8:15 PM ET.  If neither of those times works, please suggest some alternative times for tomorrow and we will see if we can make something work.

Regards,


**Nathan Lange**
Pronouns: He/Him/His

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5155 | nlange@cov.com
www.cov.com

**COVINGTON**

[Quoted email thread omitted.]

# <u>EXHIBIT B</u>

| | |
|---|---|
| **From:** | Lange, Nathan |
| **Sent:** | Friday, February 10, 2023 01:39 |
| **To:** | 'Amgott, Jonathan E.'; Larissa Liebmann; Paige M. Tomaselli; King, Kevin; Henn, Emily; Ervin, Bradley; McDonald, Oliver J.; Crane-Hirsch, Daniel |
| **Cc:** | Cristina Kladis |
| **Subject:** | RE: ALDF v. Becerra, No. 3:20-cv-3703-RS: Appendix |

Jonathan, Larissa,

Thank you both for these updates this evening and the opportunity to review/comment on them.  We appreciate all Parties' efforts to more closely tailor the scope of the joint appendix to the body of material relevant for the court's consideration.

Elanco consents to:

      (a) plaintiffs' *first* incremental cut to document 10693 indicated in cell Z-27 of the spreadsheet accompanying Larissa's 6:24 PM email--i.e., the deletion of 10780-10910; and

      (b) Federal Defendants' four "marginal proposals" in Jonathan's 8:17 PM email.

*However*, with respect to plaintiffs' *second* incremental cut in cell Z-27 to document 10693, i.e. the deletion of 11262-11282, Elanco asks that this 21 page segment be retained.

At this point, notwithstanding Elanco's previously articulated concerns, in the interest of compromise and facilitating a successful filing on Friday, Elanco will not stand in the way of proceeding with the joint appendix contents as denoted in the latest round of spreadsheets, subject to the one exception noted above where Elanco asks to retain 11262-11282.  We will be back in touch shortly with an update on file uploads.

Elanco maintains its position, however, that certain inclusions in the joint appendix are significantly overbroad (as a downstream result of citing page ranges in the briefing substantially larger than required or useful to support the accompanying propositions).  Given that much of the material Elanco views as extraneous is also likely to constitute confidential business information, Elanco will review the implications of these selections on the later Rule 79-5 process and reserves the right to seek adaptations to that process as appropriate.

Regards,

**Nathan Lange**
Pronouns: He/Him/His

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5155 | nlange@cov.com
www.cov.com

**COVINGTON**

[Quoted email thread omitted.]

# **EXHIBIT C**

| From: | Larissa Liebmann <lliebmann@aldf.org> |
|---|---|
| Sent: | Tuesday, March 28, 2023 23:35 |
| To: | Lange, Nathan; Amgott, Jonathan E.; Paige M. Tomaselli; McDonald, Oliver J.; Crane-Hirsch, Daniel; Cristina Kladis |
| Cc: | Henn, Emily; King, Kevin; Ervin, Bradley |
| Subject: | [WARNING : MESSAGE ENCRYPTED]RE: ALDF v. Becerra, No. 3:20-cv-3703-RS: Elanco Proposed Briefing Redactions |
| Attachments: | Briefing Redactions for Circulation (2023-03-28)_ALDF version.xlsx; Lubabegron fumarate acts as a β-adrenergic receptor antagonist in cultured bovine intramuscular and subcutaneous adipocytes.pdf |

[EXTERNAL]
Counsel,

Please find attached a copy of Defendant-Intervenor's spreadsheet with an added column for citations to the relevant publicly available information. We purchased the article that was behind a paywall, and are sending that along as well for your convenience.

In addition to the redactions highlighted in the spreadsheet, Plaintiffs believe other redactions are inappropriate under Civ. L.R. 79-5. Particularly relevant here is whether the information is truly a trade secret, whether the information is crucial to understanding a party's claims, especially in a dispositive motion, and the public interest in having the information unsealed. Specifically, Plaintiffs do not see cause for the redactions in Rows 5, 6, 20, 23, 26, 29, 36, 38, 57, 58, 59, 60, & 62–in addition to the rows that contain publicly available information.

Plaintiffs appreciate the continued efforts by the parties to come to an agreement regarding redactions. Accordingly, we are available to meet and confer tomorrow between 12:00 to 3:30 PM ET, if necessary.

Best,

Larissa


Larissa Liebmann (She/Her) | Senior Staff Attorney
Animal Legal Defense Fund | aldf.org
lliebmann@aldf.org | (707) 795-2533 ex.1065



]S wqvgf "go ckn'yj tgcf "qo kwgf 0_